UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DOUGLAS N. STUNKARD,

    Plaintiff,

  v.

ROBERTO CRUZ MAYA and GOLDEN STATE FOODS CORP.,

    Defendants.

Case No. 3:18-cv-00679-YY

ORDER

On January 2, 2020, the court held a pretrial conference to resolve the following motions: (1) Defendants' Amended Motion for Partial Summary Judgment (ECF #30); (2) Plaintiff's Second Motion for Leave to File Amended Complaint (ECF #37); (3) Defendants' Motions in Limine (ECF #31); and (4) Defendants' Motion to Consider Reply Brief (ECF #38). Defendants also filed a Motion for Partial Summary Judgment (ECF #28) and plaintiff filed a First Motion for Leave to File Amended Complaint (ECF #33); however, those motions are moot as they have been superseded by other motions. The court grants defendants' Motion to Consider Reply Brief (ECF #38) and otherwise rules as follows:

1 – ORDER

**I.      Plaintiff's Second Motion for Leave to File Amended Complaint (ECF #37)**

For the reasons stated on the record, plaintiff's motion is granted to the extent that plaintiff may amend the complaint to allege economic damages for impaired earning capacity in an amount equal to $100,000 per year for the period between April 2016 to present.  However, the court denies plaintiff's motion to amend the complaint to include future earning capacity, as the original complaint did not allege future losses but only losses up to the date the complaint was filed.  Allowing plaintiff to allege future losses at this late date would be prejudicial to the defense, as defendants have not been placed on notice that plaintiff was seeking those losses. *See Michaels v. Taco Bell Corp.*, No. 3:10-CV-1051-AC, 2012 WL 13054260, at *7 (D. Or. Oct. 29, 2012) (noting that "identifying and evaluation a person's future career prospects and future economic loss requires a number of assumptions about future and contingent events" that are different from "whether past wage loss and medical expenses have occurred").

Defendants also move to strike any references to John Doe and Bank of America National Trust and Savings Association.  Plaintiff has failed to identify and serve the John Doe defendant.  Accordingly, the John Doe defendant is stricken from the caption of the Fourth Amended Complaint, which was filed on January 2, 2020.  It unclear what relevance Bank of America National Trust and Savings Association, which is not a defendant in this case, has to plaintiff's negligence claim.  Accordingly, any references to Bank of American National Trust and Savings Association are also stricken.

Additionally, defendants contend that plaintiff's claim for $5,000 in economic damages for the repair of his vehicle should be dismissed as they have already paid for the damage and provided proof of payment to plaintiff.  Plaintiff has requested jury instructions regarding damage to personal property and fair market value of personal property.  Accordingly, it appears

some dispute remains regarding whether plaintiff has been compensated for damage to his vehicle. Therefore, the claim for $5,000 in economic damages for the repair of the vehicle shall remain in the complaint.

## II.     Defendants' Amended Motion for Partial Summary Judgment (ECF #28)

Defendants move for partial summary judgment on the basis that plaintiff has failed to produce competent evidence he has incurred income loss as a result of the collision.

During his deposition, plaintiff testified that he previously worked for Intel as a mask designer, i.e., someone who "turn[s] a schematic diagram, a pictoral diagram, into the actual shapes that go into a chip to build a circuit." Stunkard Dep. 9:18-10:3, ECF #29-1. His job required him to work in an office 40 hours per week. *Id.* at 11:1-11.

> I would usually arrive at nine o'clock and I would sit down and open up my computer and start it up and bring up whatever circuit layout I was working on and start doing layout work and sending stuff off to the – to be checked by their computer programs and then fixing – getting it to agree with their design rules, and get it to match the schematics diagram provided by a circuit engineer, a design engineer, and just build a circuit and get it cleared by their computer program and turn it in.

*Id.* at 11:18-12:2. He sat at a workstation the entire day. *Id.* at 12:5.

Plaintiff was terminated from his job in June 2015. *Id*. at 15:22-24. After his termination, plaintiff had intended to take a one-year break from work. Stunkard Decl. 2, ECF #36. However, he was "really unable to look for work" due to the collision. *Id.* at 12:14-15. He did not decline any job offers, because he "never went out and looked." *Id*. at 21:21-23. There were "just too many physical problems to try" looking for work. *Id.* at 21:23-25; *see also id.* at 13:15-20 (describing how there were "times when things have happened that . . . made it impossible for [him] to really seek work"). Plaintiff believed he could have found a job if he had been in better physical shape. *Id.* at 21:19-20; *see also id.* 13:19-20 (claiming there were "a fair

3 – ORDER

number of times when [he] just could not do a job reliably"). Plaintiff did not know whether any of his health care providers had restricted him from seeking employment because did not speak directly with them about that. *Id.* at 13:8-11. However, he had discussions with his health care providers about how he "should be careful of certain things." *Id.* at 13:15-16. Finally, plaintiff admitted that because Intel's software is proprietary, in any new employment position, he would have to learn a "different set of software," which is "a pretty steep learning curve, or it can be." *Id.* at 22:8-14.

Plaintiff also submitted a declaration in which he attests that, due to the injuries he suffered in the collision, it has been "impossible" for him to complete the "normal tasks expected of one who performs the type of work [he] had performed" and is still qualified to perform. Decl. Stunkard 1, ECF #36. Plaintiff reports that, following his August 20, 2019 back surgery, he is "fully recovered" and his physical injuries are "fully resolved," and he "can now, once again, and for the first time since the December 17, 2015 collision, perform the normal tasks expected of one who performs the type of work [he] performed for Intel." *Id.* at 2. He claims that he earned approximately $100,000 when last employed at Intel. *Id.* He has maintained his membership in the Institute of Electrical and Electronics Engineers, Inc. ("IEEE"), accepted an officer position in the IEEE Consultants Network, networked with IEEE members, and created a resume. *Id.* at 2-3.

The Ninth Circuit has held that where "[s]ome sort of study estimating the amount of damages was essential to [the plaintiff's] case," the plaintiff "must provide evidence such that the jury is not left to 'speculation or guesswork' in determining the amount of damages to award." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988) (quoting *Dolphin Tours v. Pacifico Creative Serv.*, 773 F.2d 1506, 1509–10 (9th Cir. 1985)). "Summary judgment

is appropriate where [the plaintiff has] no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages." *Id.*

However, expert testimony is not always essential in assisting a jury in determining a plaintiff's damages. "[L]ay persons may be able to determine 'past wage loss and medical expenses' without the assistance of an expert[.]" *Michaels v. Taco Bell Corp.*, No. 3:10-CV-1051-AC, 2013 WL 12318545, at *2 (D. Or. Apr. 19, 2013); *see also Chaffey Joint Union High Sch. Dist. v. Fieldturf USA, Inc.*, No. EDCV1600204JGBDTBX, 2017 WL 3049567, at *2 (C.D. Cal. Mar. 10, 2017) (holding no expert testimony was essential to prove that turf fields were essentially valueless because they did not comport with the warranties made by defendants); *Tucker v. Wright Med. Tech., Inc.*, No. 11-CV-03086-YGR, 2013 WL 1149717, at *17 (N.D. Cal. Mar. 19, 2013) (holding that expert testimony was not necessary to determine damages for loss of consortium); *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) (holding damages for trademark violation "demands neither empirical quantification nor expert testimony to support a monetary award of actual damages; many sources can provide the requisite information upon which a reasonable jury may calculate damages"); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1348 (9th Cir. 1987) (holding "expert testimony is not required to prove what the plaintiff would receive in future earnings and raises").

Here, viewing the evidence in the light most favorable to plaintiff, there is competent evidence that the physical injuries he allegedly suffered in the December 2015 collision prevented him from looking for work and resuming the normal tasks of his full-time stationary desk job. Plaintiff has offered more than merely his testimony; his claim is supported by the fact that he has undergone surgery. While testimony by a vocational expert might be helpful to a jury, the issues regarding plaintiff's past wage loss are not so complex or specialized that expert

testimony is essential. *Compare People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1199 (S.D. Cal. 2016) (holding that expert testimony was required to establish water damages); *Michaels*, 2012 WL 13054260, at *7 (observing that "expert testimony is essential to assist the trier of fact in deciding Plaintiff's future economic loss claim"). Accordingly, defendants' motion for partial summary judgment is denied.

### III. Defendants' Motions in Limine (ECF #31)

#### A. Motion 1

Defendants request an order excluding any claim for past or future income loss based upon lack of evidence. This motion is denied for the reasons discussed above regarding defendants' Amended Motion for Partial Summary Judgment. *See*, *supra*, Section II.

#### B. Motion 2

Defendants request an order excluding any and all experts or expert opinions not properly or timely disclosed by plaintiff.

Shirley Fitzgerald, who is a registered nurse, was identified on plaintiff's witness list.[1] However, no expert report was provided to defendants until December 31, 2019, less than two weeks before trial is scheduled to begin and long after the discovery deadline had passed. A written report is required for all expert witnesses unless otherwise stipulated or ordered by the court. F.R.C.P. 26(a)(2)(B). Here, the failure to disclose Fitzgerald's report is neither substantially justified nor harmless. F.R.C.P. 37(c)(1). Therefore, Fitzgerald may not testify as

---

[1] Plaintiff's witness list was filed on November 26, 2019, two business days after the deadline of November 22, 2019. Although it was not timely filed, the court finds that this short delay was not prejudicial.

an expert. *Id.* However, Fitzgerald may testify as a fact witness about her observations, as long as her testimony is otherwise admissible.

At the hearing, plaintiff also indicated his intention to call Omar Gonzalez, a physician assistant, who is included on plaintiff's witness list. Plaintiff has provided no expert report for Gonzalez; however, a treating medical provider is exempt from the written expert report requirement to the extent the provider's opinions were formed during the course of treatment. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Thus, Gonzalez will be allowed to testify to this effect if a proper foundation is made.

At the hearing, plaintiff asked for leave to provide an additional declaration or report from Gonzalez attesting to plaintiff's inability to work as a result of his injuries. However, plaintiff's treatment records contain no such restriction, indicating that this opinion is not one that was formed during the course of treatment. Moreover, trial is less than two weeks away, there is no substantial justification for the delay, and any additional expert disclosures at this late date would undoubtedly be harmful. F.R.C.P. 37(c)(1). Therefore, Gonzalez may not provide expert testimony on this issue.

### C. Motion 3

Defendants request an order excluding evidence and testimony that plaintiff sustained a traumatic brain injury (TBI) or post-traumatic stress disorder (PTSD) resulting from the subject incident or other injuries and damages outside those identified in discovery and pleadings. Plaintiff does not intend to produce such evidence. Accordingly, this motion is granted.

### D. Motion 4

Defendants request an order prohibiting Fitzgerald from offering medical

opinions or causation or other opinion testimony beyond her scope of as a fact witness. This motion is granted for the reasons discussed above regarding Motion 2.

### E. Motion 5

Defendants request an order prohibiting Lawrence Nelson, DC, from opining plaintiff suffered a TBI, PTSD, or other opinion testimony outside his scope of knowledge. Plaintiff does not object to this motion. Therefore, it is granted.

### F. Motion 6

Defendants request an order prohibiting plaintiff from testifying surgical intervention was reasonable and necessary and proximately caused by the MVA and other opinion testimony beyond the scope of his knowledge. This motion is granted.

### G. Motion 7

Defendants request an order excluding an Oregon Traffic Accident and Insurance Report prepared by plaintiff after the collision. Plaintiff contends this evidence is admissible as a present sense impression (F.R.E. 803(1)), then-existing mental, emotional, or physical condition (F.R.E. 803(3)), and past recollection recorded (F.R.E. 803(5)).

The report was prepared 11 days after the collision. Accordingly, it was not contemporaneous and does not constitute a present sense impression. *See* 4 Federal Evidence § 8:67 (4th ed.) ("[T]he exception requires that the statement be contemporaneous with the act, event, or condition—that is, made while the speaker perceives it or immediately thereafter. The time requirement is strict because it is the factor that assures trustworthiness."). It also does not fall with the exception for a then-existing mental, emotional, or physical condition because, again, the accident report was prepared 11 days after the event. *See Casey v. Tierno*, 127 A.D.2d 727, 727, 512 N.Y.S.2d 123, 124–25 (1987) (holding trial court erred in admitting that portion of

the accident report that consisted of self-serving hearsay statements into evidence); *Hutchinson v. Plante*, 175 Conn. 1, 6, 392 A.2d 488, 491 (1978) (holding driver's description of accident in police report was inadmissible hearsay). Finally, it does not fall within the past recollection recorded exception because there is no indication that the accident report pertains to "a matter the witness once knew about but now cannot recall well enough to testify fully and accurately." F.RE. 803(5). Accordingly, this motion is granted.

H.     **Motions 8-20**

There is no dispute about the remaining motions. Therefore, they are granted.

## CONCLUSION

Defendants' Amended Motion for Partial Summary Judgment (ECF #30) is DENIED. Plaintiff's Second Motion for Leave to File Amended Complaint (ECF #37) is GRANTED IN PART and DENIED IN PART. Defendants' Motions in Limine (ECF #31) are GRANTED IN PART and DENIED IN PART. Defendants' Motion to Consider Reply Brief (ECF #38) is GRANTED. Defendants' Motion for Partial Summary Judgment (ECF #28) and plaintiff's First Motion for Leave to File Amended Complaint (ECF #33) are MOOT.

IT IS SO ORDERED.

DATED  January 3, 2020.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge